**MEMO ENDORSED**

**MASSENA LAW P.C.**
305 Broadway, Suite 1001
New York, New York 10007
(P) 212-766-1700 ♦ (F) 212-766-1701
Email: AVM@Massenalaw.com

• Admitted in Federal and
New York State Courts

March 14, 2023

**VIA ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York

Re: <u>United States v. Marrero, 23-mj-01374</u>

Greetings Honorable Figueredo,

Richard Marrero, through counsel, respectfully moves for pre-trial in-home incarceration pending trial under 18 U.S.C. § 3142 or for a hearing under 18 U.S.C. § 3142(f) to establish whether there are conditions of release that can reasonably assure his appearance in court and the safety of the community as he awaits trial. The Government consents to Mr. Marrero's motion.

Mr. Marrero was arrested on February 22, 2023, and his case was marked for a bedside presentment. Mr. Marrero was hospitalized and detained until yesterday. Shortly before Mr. Marrero was arrested, he suffered a stroke and was hospitalized. Accordingly, he was arrested and arraigned in the hospital.

The Complaint charges Mr. Marrero with the sole violation of 18 U.S.C. § 2113(a) and 2. He faces a statutory mandatory minimum sentence after trial of a fine or no more than 20 years' incarceration.

Mr. Marrero has spent the last three weeks in New York Presbyterian Hospital recovering from a stroke. He has been in custody the entire time. As a result of the stroke, Mr. Marrero reports that he has limited mobility, has difficulty moving the left side of his body, and was advised not to stand or use the bathroom without assistance. Also, he will need continued rehabilitation to improve his physical condition. Mr. Marrero's condition has progressed to the point where he was discharged from the hospital on March 13, 2023 and is currently being housed in MDC. Because Mr. Marrero's mobility has been severely impacted and he needs rehabilitative services, we ask the to order <u>in-home incarceration with GPS monitoring, along with the other conditions set forth</u> below. .

**LEGAL STANDARD**

To comply with the Eighth Amendment's guarantee that "Excessive bail shall not be required" (U.S. Const. amend. VIII), Congress has provided that a defendant shall be detained pending trial only where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also United States v. Weigand*, 492 F. Supp. 3d 317, 318 (S.D.N.Y. 2020) (same, citing U.S. Const. amend. VIII; 18 U.S.C. § 3142(e)(1)). "Under this statutory scheme, 'it is only a 'limited group of offenders' who should be denied bail pending trial.' " *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (quoting *United States v. Shakur,* 817 F.2d 189, 195 (2d Cir.1987) [quoting S.Rep. No. 98–225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189]).

A rebuttable presumption that "no condition or combination of conditions will reasonably assure" against flight or danger is triggered by an indictment charging "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)" (18 U.S.C. § 3142(e)(3)(A)), and/or "an offense under [18 U.S.C. §] 924(c)," (*id.* § 3142(e)(3)(B)). *See* 18 U.S.C. § 3142(e)(1) (establishing presumption); *United States v. Contreras,* 776 F.2d 51, 55 (2d Cir.1985) (confirming that an indictment "returned by a duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumptions set forth in § 3142(e).").

The defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (quoting *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir.2001)). "Satisfying the burden of production does not eliminate the presumption favoring detention; it 'remains a factor to be considered among those weighed by the district court.' " *Id.* "At all times, however, 'the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community,' and 'by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.' " *Id.*; *see also* 18 U.S.C. § 3142(f)(2) (establishing required evidentiary standards).

Factors to be evaluated in the course of the bail hearing include (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to the community posed by pre-trial release. *See United States v. Adams*, No. 21-2241-CR, 2021 WL 5816140, at *1 (2d Cir. Dec. 8, 2021); 18 U.S.C. § 3142(g).

**DISCUSSION**

While this is not Mr. Marrero's first federal arrest[1] for similar allegations, here the agents were easily able to find Mr. Marrero at the hospital. He also has a number of health issues impacting his mobility.

Assuming, *arguendo*, that the Government's assertions have any factual basis, we respectfully submit that there is no basis to suppose that Mr. Marrero, if granted pre-trial in-home detention, would engage in any violation of the law including, but not limited to, bank robbery.

Nor does he pose a risk of flight. Mr. Marrero would agree not to obtain a passport. He is a long-term resident of the Bronx. Mr. Marrero is 56 years old. He has several rehabilitative and medical appointments to improve his health since the stroke. We ask the Court to consider allowing him to do so from his home. We propose that the Court impose the following conditions of release:

1. 50K bond with two financially responsible sureties - granting two weeks to sign;
2. Home incarceration with GPS monitoring;
3. Strict pretrial supervision with drug testing/treatment and mental health treatment as directed by Pre-Trial Services;
4. Travel limited to the Southern and Eastern Districts of New York;
5. Surrender of passport and travel documents and no new applications; an
6. Maintain residence at his address, which will be furnished to Pretrial Services if this motion is granted;
7. Defendant not to possess firearms/destructive devices/other weapons; and
8. Defendant to be detained until all conditions are met.

Thank you for your consideration and continued courtesies to counsel.

Respectfully,

\_\_\_\_/S/\_\_\_\_\_
Alain V. Massena, Esq.

Cc: All counsel (by ECF)

---

SO ORDERED

*[signature]*

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 3/15/23

The government consents to Mr. Marrero's release on the above-enumerated conditions. The Court agrees that with the conditions outlined above, Mr. Marrero can be released, once all the conditions are satisfied.

3